IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00510-TPO

HARSHDEEP SINGH,

      Petitioner,

v.

PAMELA BONDI, U.S. Attorney General,

KRISTI NOEM, Secretary,
Department of Homeland Security,

TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement, and

JUAN BALTAZAR, Warden,
Denver Contract Detention Facility;

in their official capacities,

      Respondents.

---

## ORDER TO SHOW CAUSE

---

**Timothy P. O'Hara, United States Magistrate Judge.**

      This matter comes before this Court upon the Petition for Writ of Habeas Corpus in which Petitioner seeks habeas corpus relief under 28 U.S.C. § 2241. ECF 1 ¶¶ 12-13. Petitioner invokes this Court's subject matter jurisdiction on the basis of 28 U.S.C. § 2241; 28 U.S.C. § 1331 (federal question subject matter jurisdiction); 28 U.S.C. § 1651 (the All Writs Act); and 28 U.S.C. § 2201 (the Declaratory Judgment Act) as well as on the basis of 5 U.S.C. § 703 (Administrative Procedure Act). *Id.* ¶¶ 11-14. Petitioner is "in custody" for § 2241 purposes because he is detained at the Denver Contract Detention Facility. *Id.* ¶¶ 1, 10, 23. The Clerk of Court directly assigned this case to this Court pursuant to D.C.COLO.LCivR 40.1. ECF 2.

Petitioner describes himself as a 26-year-old native and citizen of India. *Id*. ¶ 19. He entered the United States on April 13, 2023. *Id*. ¶ 53. On April 14, 2023, he was issued a Notice to Appear ("NTA") that charged him "as an alien present in the United States who has not been admitted or paroled." *Id*. ¶ 54. On April 16, 2023, Petitioner was released from custody on his own recognizance. *Id*. ¶ 55. On May 1, 2023, removal proceedings commenced. *Id*. ¶ 54. On an unknown date, Petitioner applied for asylum. *Id*. ¶ 58.

Petitioner alleges that he has been compliant "with all immigration requirements," and he denied any criminal record. ECF ¶¶ 56-57. He has a work permit, "stable, lawful employment," and a valid driver's license. *Id*.

On November 6, 2025, local law enforcement stopped him for a traffic violation. *Id.* ¶ 19. Law enforcement reported him to Immigration and Customs Enforcement ("ICE"), and ICE took him into custody. *Id.* He has been in ICE custody since his detention. ECF ¶ 60. On January 29, 2026, an Immigration Judge denied his bond request, explaining that the immigration court lacked jurisdiction to hear his bond request under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* ¶ 59.

Petitioner argues that his immigration detention is unlawful in several respects. He first argues that his detention violates the Immigration and Naturalization Act (INA), 8 U.S.C. § 1226(a). *Id.* ¶¶ 61-63. Next, he argues that his continued detention violates his procedural and substantive due process rights. *Id.* ¶¶ 64-80. Finally, he argues that his detention violates multiple federal regulations and the Administrative Procedure Act (APA). *Id.* ¶¶ 81-98. Petitioner seeks his immediate release, or, in the alternative, he asks this Court to compel Respondents to conduct the omitted bond hearing. *Id.* at 26.

2

In his concluding Prayer for Relief, Petitioner also asks "not to be transferred outside the United States District Court for the District of Colorado while his habeas petition is pending." ECF 1 at 26. However, Petitioner does not file a motion under Fed. R. Civ. P. 65(b) for a temporary restraining order to enjoin Respondents from transferring him outside of the District of Colorado. Because Petitioner does not file such a motion, this Court does not consider that request to be for expedited injunctive relief. Should that be the relief he seeks, he shall file the appropriate Rule 65 motion.

After preliminary consideration of the Petition, this Court ORDERS as follows:

**Petitioner shall serve Respondents with his Petition, exhibits, and this Order to Show Cause by <u>February 20, 2026</u>.** Within two business days of serving Respondents, **by February 24, 2026**, Petitioner shall file proof of service on the docket, and counsel for Respondents shall promptly enter notices of appearance.

On or before **February 27, 2026**, the Respondents shall show cause why the Petition [ECF 1] should not be granted. In their Response, Respondents shall specifically address under which statutory basis Petitioner was released from custody on April 16, 2023. *See* ECF 1 ¶ 55; ECF 1-9 at 2. By the same deadline of **February 27, 2026**, the Parties shall complete and file the Magistrate Judge Consent Form [ECF 3].

On or before **March 6, 2026**, Petitioner may file a Reply in support of his Petition.

SO ORDERED.

DATED at Denver, Colorado, this 18th day of February, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge