IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00510-TPO

HARSHDEEP SINGH,

     Petitioner,

v.

PAMELA BONDI, U.S. Attorney General,

KRISTI NOEM, Secretary,
Department of Homeland Security,

TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement, and

JUAN BALTAZAR, Warden,
Denver Contract Detention Facility;

in their official capacities,

     Respondents.

---

## ORDER

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] filed by Petitioner. The Parties have consented to this Court's jurisdiction. ECF 7. U.S. District Judge Philip A. Brimmer referred the matter to this Court "for all purposes pursuant to 28 U.S.C. §636(c)." ECF 8. This Court issued an Order to Show Cause [ECF 4] to which Respondents responded [ECF 9]. With the filing of Petitioner's Reply [ECF 10], the Petition is fully briefed and ripe for review. Because the Court determines that the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having reviewed the Petition

and its briefing and having reviewed the relevant case law, the Court **grants** Count One of the Petition.

## FACTUAL BACKGROUND

Petitioner is a citizen of India. ECF 1 ¶ 19. He entered the United States on April 13, 2023. *Id*. ¶ 53. On April 14, 2023, he was issued a Notice to Appear (NTA) that charged him "as an alien present in the United States who has not been admitted or paroled." *Id*. ¶ 54; ECF 1-8. On April 16, 2023, Petitioner was released from custody on his own recognizance. ECF 1 ¶ 55; ECF 1-9. Respondents confirm that Petitioner has been present in the United States without having been admitted and was released from custody under 8 U.S.C. § 1226(a)(2). ECF 9 at 2, n. 1. On May 1, 2023, removal proceedings commenced. ECF 1 ¶ 54. On an unknown date, Petitioner applied for asylum. *Id*. ¶ 58.

Petitioner alleges that since his release he has been compliant "with all immigration requirements," and he denied any criminal record. ECF ¶¶ 56-57. He has a work permit, "stable, lawful employment," and a valid driver's license. *Id*.

On November 6, 2025, local law enforcement detained him during a traffic stop and reported him to Immigration and Customs Enforcement (ICE). ECF 1 ¶ 19. ICE then took him into immigration custody, where he has been since his initial detention. ECF ¶¶ 19, 60.

On January 29, 2026, an Immigration Judge denied his bond request, explaining that the immigration court lacked jurisdiction to hear his bond request based on 8 U.S.C. § 1225(b)(2) and the Board of Immigration Appeals' (BIA) decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* ¶ 59; ECF 1-10. The Immigration Judge also stated that Petitioner had failed to establish that he is a member of the Bond Eligible Class that *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025) created. ECF 1-10.

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is undisputed that Petitioner has been in immigration custody in the District of Colorado since November 6, 2025. ECF 1 ¶ 19. "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

## ANALYSIS

Petitioner argues that his immigration detention is unlawful in several respects. He first argues that his detention violates the Immigration and Naturalization Act (INA), 8 U.S.C. § 1226(a). *Id.* ¶¶ 61-63 (Count One). Next, he argues that his continued detention violates his procedural and substantive due process rights. *Id.* ¶¶ 64-80. Finally, he argues that his detention violates related federal regulations and the Administrative Procedure Act (APA). *Id.* ¶¶ 81-98. Plaintiff clarifies that "[h]e challenges only the legal authority for his current detention." ECF 10 at 2. Petitioner seeks his immediate release, or, in the alternative, he asks this Court to compel Respondents to conduct the omitted bond hearing. *Id.* at 26.

### I.    Whether 8 U.S.C. § 1225 or 8 U.S.C. § 1226 Govern Petitioner's Detention

Count One of the Petition claims that Respondents failed to comply with the INA and are unlawfully subjecting him to the mandatory detention provision of 8 U.S.C. § 1225(b). ECF 1 ¶¶

3

61-63. Petitioner argues that because he has been present and living in the United States after having been released under 8 U.S.C. § 1226(a)(2), his detention is proper under that same statute, and thus he is entitled to a bond redetermination hearing. ECF 1 ¶¶ 62-63. Because this Court finds that Petitioner prevails on the merits of this argument, it addresses Count One first.

As acknowledged by the government, ECF 9 at 1, this Court has already addressed this issue in at least one other case with similar facts. *See Colindres Carmona v. Ceja*, No. 25-cv-04061-TPO, ECF No. 22. There, this Court held that the petitioner was detained under 8 U.S.C. § 1226(a) and not under 8 U.S.C. § 1225(b)(2)(A) and thus entitled to a bond determination hearing. *Id.* at 9. The government still disagrees with that ruling, but rather than rehashing its argument as part of this case, it submits an "abbreviated response" and reserves its right to appeal this Court's decision. ECF 9 at 1. The government concedes that based on this Court's prior ruling in *Colindres Carmona*, it "would lead the Court to reach the same result here . . . as the facts of this case are not materially distinguishable from that case". *Id.* at 3. The government is correct, and this Court finds, as it did in *Colindres Carmona* and multiple other cases,[1] that Petitioner is being detained subject to 8 U.S.C. § 1226(a) and is thus entitled to a bond determination hearing.

The detention of noncitizens prior to a final order of removal is governed by two sections of the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings v. Rogriguez*, 583 U.S. 281, 287 (2018)). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portillo Martinez v. Baltazar*,

---

[1] *See Martinez Garrido v. Baltasar*, No. 26-cv-00428-TPO (D. Colo. Mar. 6, 2026); *Hernandez Murillo v. Ceja*, No. 25-cv-04163-TPO (D. Colo. Mar. 9, 2026); *Hernandez Munoz v. Hagan*, No. 26-cv-00608-TPO (D. Colo. Mar. 17, 2026).

No. 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025)).

By contrast, § 1226(a) does not mandate detention. It states that a noncitizen, "[o]n a warrant issued by the Attorney General," may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

The crux of the issue is under which section Petitioner's detention should be considered. This Court finds U.S. District Judge Nina Y. Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at *5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at *6. Noncitizens who have been living in the country for years are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich, Aug. 29, 2025). This is Petitioner's situation. He was released under 8 U.S.C. § 1226(a)(2) previously and has demonstrated an established presence in the United States by living in this country for the last several years.

5

The principal thread of Respondents' argument is that all noncitizens who entered the country without permission should be deemed "applicants for admission," regardless of how long these noncitizens have been present in the country. ECF 9 at 2. Respondents claim that *Jennings* supports their conclusion. *Id.* (citing *Jennings*, 583 U.S. at 287). This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes and noted "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *3 (D. Colo. Jan. 26, 2026) (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez* not in *Jennings*).

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission under § 1225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos*, 2025 WL 2496379 at *6). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for as long as Petitioner. In fact, "federal district courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650, at *5 (collecting cases).

Respondents point out that a limited number of courts have supported their position. *See* ECF 15 at 2 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Montoya v. Holt*, No. 25-cv-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025)). However, as U.S.

District Judge Charlotte N. Sweeney explains in *Singh v. Baltazar*, --- F. Supp. 3d ---, 2026 WL 352870, at *3-6 (D. Colo. Feb. 9, 2026), *Buenrostro-Mendez* is neither controlling nor persuasive. Because neither the Supreme Court nor the Tenth Circuit have yet weighed in on this issue, this Court finds more persuasive the great weight of authority in this Circuit and throughout the country that have interpreted §§ 1225(b) and 1226(a) and have concluded that they do not support the mandatory detention of noncitizens in Petitioner's circumstances.

Also supporting this Court's conclusion is Respondent's concession that Petitioner was released from custody previously under 8 U.S.C. § 1226(a)(2). *See* ECF 9 at 2 n.1. Respondents offer no explanation for its change in position regarding the statute governing Petitioner's release other than to say that "his prior release was not consistent with § 1225(b)(2)'s requirement that he be detained." *Id.*

As a result, this Court orders that Petitioner receive a bond hearing consistent with 8 U.S.C. § 1226(a). Respondents concede this as the appropriate remedy should the Court determine that Petitioner is detained under §1226(a). ECF 9 at 4.

## II.     Petitioner's Remaining Claims for Relief

Because this Court is granting the habeas petition and ordering a bond determination hearing pursuant to § 1226(a), this Court declines to address the remaining Counts. This Court intends to review the Parties' forthcoming Status Report, discussed below, regarding the outcome of the bond determination hearing and may entertain reinstating these alternative grounds for relief if necessary.

<u>**CONCLUSION**</u>

This Court agrees with Petitioner that § 1226(a) governs his detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

7

The Respondents shall conduct the appropriate bond hearing within seven days of the date of this Order. *Martinez Escobar*, 2026 WL 503313 at \*4. The Court declines to order Petitioner's release at this time because release under 8 U.S.C. § 1226(a) is discretionary, and because the immigration judge is in a better position to decide between detention or release in the immigration context. *Id.* (finding that an immigration judge is better suited to determine the issue of detention). The government will bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk. *Id.*

For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Count One;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) within seven days of this Court's order, *i.e.*, **by March 25, 2026**; and

3) On or before **March 27, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied.

SO ORDERED.

DATED at Denver, Colorado, this 18th day of March, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge